**MARTIN D. SINGER (California Bar No. 78166)**
**PAUL N. SORRELL (California Bar No. 126346)**
**ANDREW B. BRETTLER (California Bar No. 262928)**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email:   mdsinger@lavelysinger.com
         psorrell@lavelysinger.com
         abrettler@lavelysinger.com

**(Admitted Pro Hac Vice)**

**ERIC A. SEITZ (SBN 001412)**
**ATTORNEY AT LAW, A LAW CORPORATION**
820 Mililani Street, Haseko Center Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
Email:   eseitzatty@yahoo.com

Attorneys Specially Appearing for Defendant
**BRYAN JAY SINGER**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| MICHAEL F. EGAN, III.<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BRYAN JAY SINGER,<br><br>　　　　Defendant.<br>_____ | Case No. 14-00177 SOM-BMK<br><br>**MEMORANDUM IN SUPPORT** |

1

# MEMORANDUM IN SUPPORT

## I. PRELIMINARY STATEMENT

This action involves fabricated, salacious claims that Plaintiff Michael Egan ("Plaintiff" or "Egan"), a Nevada resident, was victimized by sexual misconduct of a California resident 15 years ago in Hawaii. The assertion of these antiquated claims was orchestrated to coincide with the worldwide release of a major motion picture directed by Defendant Bryan Singer ("Singer"), and accompanied by a parade of press conferences, interviews and other public preening by Plaintiff and his counsel to maximize public attention on the eve of the picture's release. The timing of this action and inclusion of its detailed, sordid (and provably false) allegations are nothing more than tools being used to embarrass, harass, and pressure Singer and precipitate a shakedown of a perceived "deep pocket."

In addition to the lack of substantive merit, this action must be dismissed pursuant to Rule 12(b)(2) because there is no personal jurisdiction over Singer in the State of Hawaii. Plaintiff's entire case is premised on events that allegedly occurred during two trips to Hawaii between August 1, 1999 and October 31, 1999 (the "Relevant Period"). The evidence conclusively establishes, however, that Singer was not in Hawaii during the Relevant Period. Indeed, neither was Egan. In a prior lawsuit he filed alleging similar misconduct against others, Egan testified under oath that he never traveled to Hawaii as he now is claiming. Because the evidence establishes that no wrongful acts occurred in this State as alleged in the Complaint – the only basis asserted for the exercise of personal jurisdiction over Singer – the action must be dismissed pursuant to FRCP Rule 12(b)(2).

This case represents an egregious display of forum shopping, using fabricated events in Hawaii to assert claims from 15 years ago. Plaintiff and his counsel seek to exploit special legislation enacted by the Hawaii Legislature to

extend the statute of limitations on certain sexual abuse cases that otherwise would be barred. The legislation, Hawaii Revised Statutes, Section 657-1.8, states that otherwise-barred sexual assault claims can be asserted in the Hawaii state court system for a period of two years after April 24, 2010 (later extended to four years after that date). Relying on the extended limitations period, Plaintiff sues for alleged sexual misconduct that he claims – as he must – occurred in Hawaii.

Egan cannot succeed. Beyond the fact that he sued in federal court – as opposed to state court as specifically required in the special legislation – there is no basis for asserting jurisdiction over Singer. Contrary to the allegations in the Complaint, Singer was simply never in Hawaii during the Relevant Period.[1] Nothing in the Hawaii legislation extending the statute of limitations for sexual abuse cases changes the fact that a case cannot proceed unless there is personal jurisdiction over the defendant. Because neither general nor specific personal jurisdiction can be established over Singer, hailing him across the Pacific Ocean to defend these outrageous claims 15 years after the alleged wrongful conduct occurred would offend traditional notions of fair play and substantial justice.

## II.  FACTUAL BACKGROUND OF THIS DISPUTE

In 2000, Plaintiff filed a lawsuit under the name "Michael E." against Marc Collins-Rector, Chad Shackley, Brock Pierce and Digital Network, Inc. in the California state court system, designated Los Angeles County Superior Court Case No. LC 053103, alleging that he was sexually assaulted (the "Prior Action"). In his Complaint in this case, Egan also alleges facts relating to his association with

---

[1] The allegations of the Complaint also lack merit because the allegations of wrongdoing were contradicted by Plaintiff under oath in a 2003 deposition. Plaintiff in the earlier litigation sued other defendants for similar alleged acts of sexual abuse. When asked if anyone else was involved in such wrongdoing, Plaintiff admitted there were no other participants. See Section II, infra. Plaintiff's testimony from the prior litigation establishes the falsity of his current claims.

3

Collins-Rector and Shackley and their involvement in the alleged events in the State of Hawaii that are at issue in this case.

On November 24, 2003, Egan was deposed in the Prior Action. True and correct copies of excerpts from that deposition are attached as Exhibit "A" to the Declaration of Martin D. Singer (the "M. Singer Decl."). In that deposition, Plaintiff testified that he did not travel to Hawaii when other parties, including another plaintiff in the Prior Action, traveled to Hawaii. In fact, Plaintiff testified under oath that he had <u>never taken a trip outside the continental U.S</u>.! M. Singer Decl., Exh. "A," 43:18-20. He stated that this was because his mother would not give him permission to travel. M. Singer Decl., Exh. "A," 44:10-23. Plaintiff further testified that there were no other people who participated in any of the wrongful conduct besides Collins-Rector, Shackley and Pierce. M. Singer Decl., Exh. "A," 73:20-74:3.

Singer is an internationally renowned director of major motion pictures. In 1999, he directed the motion picture "X-Men" (the "Picture"). Pre-production and production of the Picture took place in Canada between August 1, 1999 and October 31, 1999. B. Singer Decl., ¶ 4. Singer was in Canada during the period in question; Singer never traveled to Hawaii during the relevant period other than working on the Picture during the relevant time period; Singer only traveled for a few days in California and to New England to see family between August 1, 1999 through October 31, 1999.

On April 16, 2014, Plaintiff filed this action. He alleges counts for intentional infliction of emotional distress, battery, assault and invasion of privacy, all arising from alleged actions in Hawaii during the Relevant Period. Other than the alleged acts during these two trips, there is no other basis for an assertion of personal jurisdiction over Singer in this Court.

Under Section 657-1.8, Hawaii Revised Statutes, "[f]or a period of two years after April 24, 2010 [which has recently been changed to April 24, 2012], a

victim of child sexual abuse <u>that occurred in [Hawaii]</u> may file a claim <u>in a circuit court of [Hawaii]</u> against the person who committed the act of sexual abuse if the victim is barred from filing a claim against the victim's abuser due to the expiration of the applicable civil statute of limitations that was in effect prior to April 24, 2012." Plaintiff relies on this statute in order to assert the alleged conduct from 15 years ago.

### III. IT IS PLAINTIFF'S BURDEN TO ESTABLISH THAT SINGER HAS SUFFICIENT CONTACTS WITH HAWAII TO WARRANT THE EXERCISE OF PERSONAL JURISDICTION

The only basis for the assertion of personal jurisdiction over Singer alleged in the Complaint is the alleged sexual abuse in Hawaii during the Relevant Period. However, as shown below, Singer was simply not in the state during that period.[2] Plaintiff cannot refute Singer's evidence that he was not in Hawaii during the Relevant Period; in fact, Plaintiff has admitted under oath that <u>he was not there either</u>. Therefore, Plaintiff cannot sustain his burden of establishing personal jurisdiction over Singer, and the action must be dismissed pursuant to Rule 12(b)(2).

Due process precludes a court from asserting jurisdiction over a non-resident defendant unless he has sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Under the "minimum contacts" analysis, this Court must either have general jurisdiction or specific jurisdiction over Singer in order to proceed. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

---

[2] Singer denies committing wrongful acts against Egan, in Hawaii, or elsewhere at any time (B. Singer Decl., ¶ 3), but for purposes of this Motion has focused on the Relevant Period.

5

General jurisdiction, properly invoked, allows a federal court to hear any cause of action against the defendant, even one unrelated to defendant's activities in the forum state. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, (1952). General jurisdiction is present only if the non-resident's activities in the forum are "substantial" or "continuous and systematic." The standard for establishing general jurisdiction is "fairly high" and requires contacts substantial enough to approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1083 (9th Cir. 2000); *Helicopteros Nationales Day Columbia S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S.Ct. 1868 (1984).

General jurisdiction is clearly lacking in this case. Plaintiff's Complaint alleges no facts whatsoever that would support an assertion of general jurisdiction in Hawaii for claims against Singer. Singer has never resided in Hawaii, (B. Singer Decl., ¶ 7), and there are no other contacts with Hawaii substantial enough to approximate his physical presence there. *Bancroft & Masters,* 223 F.3d at 1083. The assertion of general jurisdiction over Singer in Hawaii would, therefore, be improper.

Specific jurisdiction must exist in order for Plaintiff's claims to be heard in this Court. Specific jurisdiction exists only when the claim for relief arises directly out of the non-resident's forum-related activities. *Rano v. Sipa Press Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). Courts apply a three-part test to determine if the plaintiff has established specific jurisdiction: (1) the nonresident defendant must perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with principles of fair play and substantial justice, *i.e.*, it must be reasonable. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987); *Unical Corp.*, 248 F.3d at 923.

1     Under Rule 12(b)(2), the court may decide the issue of personal jurisdiction
2   on the basis of affidavits and documentary evidence submitted by the parties, or
3   hold a evidentiary hearing regarding the matter. *Data Disc, Inc. v. Sys. Tech.*
4   *Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Whatever procedure is used,
5   the <u>plaintiff bears the burden</u> of establishing personal jurisdiction. *Unical Corp.*,
6   248 F.3d at 922; *Ziegler v. Indian River Cnty*, 64 F.3d 470, 473 (9th Cir. 1995).[3]

Plaintiff simply cannot meet this burden. As discussed below, Singer was not in the State during the Relevant Period. Furthermore, there are no other forum-related activities upon which an assertion of specific jurisdiction could be based. Therefore, personal jurisdiction does not exist in Hawaii.

### IV. **THE EVIDENCE ESTABLISHES THAT SINGER WAS NOT IN HAWAII DURING THE RELEVANT PERIOD AND, THEREFORE, THERE IS NO PERSONAL JURISDICTION**

Plaintiff's assertion of personal jurisdiction over Singer in Hawaii is entirely premised upon the allegations in the Complaint that alleged sexual abuse occurred during two trips to Hawaii that took place "on or between August 1, 1999 and October 31, 1999." Complaint, ¶ 20. There is no other basis upon which jurisdiction in this state is alleged. However, as set forth below, Singer did not make these trips and was not in Hawaii during the period in question. Personal jurisdiction, therefore, cannot be established.

Singer was directing the Picture during the Relevant Period. B. Singer Decl., ¶ 4. During that time, he was preoccupied with pre-production and principal photography in Canada. B. Singer Decl., ¶ 4.

---

[3] If the Court is inclined to do anything other than grant this Motion, Singer respectfully requests, pursuant to Rule 12(i), that this Court conduct an evidentiary hearing on any disputed facts that Plaintiff may submit in opposition to this Motion.

1     Indeed, except for a short trip to visit friends in New England in August and
2  a trip to Los Angeles for a few days in September, Singer was in Canada during
3  the entirety of the three months comprising the Relevant Period.  B. Singer Decl.,
4  ¶ 4.  Singer was never physically present in the State of Hawaii at any time during
5  the Relevant Period.  B. Singer Decl., ¶ 5.  These facts are confirmed by his
6  business records, including credit card receipts, telephone records, production
7  schedules and payment records.  B. Singer Decl., ¶ 6.
8     Significantly, Plaintiff admitted under oath that he also was not in Hawaii at
9  the time of the alleged wrongful conduct.  As stated, in the Prior Litigation,
10 Plaintiff testified, under penalty of perjury, that one of the other plaintiffs in the
11 Prior Litigation had traveled outside the continental U.S. with the Defendants in
12 that case, including a trip to Hawaii.  However, Plaintiff specifically testified that
13 he did not go to Hawaii and never traveled outside the continental U.S. because
14 his mother would not allow it.  M. Singer Decl., ¶ 3 and Exh. "A."  The evidence
15 is conclusive that neither Singer nor Plaintiff was in Hawaii during the Relevant
16 Period.  The Complaint must be dismissed on that ground.[4]

## V. DISMISSAL IS IN THE INTERESTS OF JUSTICE; INDEED, PLAINTIFF ADMITTED UNDER OATH THAT SINGER DID NOT ENGAGE IN WRONGFUL CONDUCT

Even beyond the fact that Singer has no contacts with Hawaii that would satisfy traditional notions of fair play and substantial justice in requiring him to defend in this court, dismissal of this action is in the interests of justice.  Here, scurrilous allegations of sexual misconduct are being made 15 years after the alleged conduct took place, on the eve of the worldwide release of a major film

---

[4] In light of the obvious failure to properly investigate the allegations prior to filing this lawsuit, Singer reserves the right to seek appropriate sanctions and reasonable attorneys' fees against Egan's counsel.

Singer directed, accompanied by a shameful campaign to widely publicize the allegations and thereby publicly smear and embarrass Singer. The first time Singer became aware of this lawsuit was through the media, followed by a national press conference by plaintiff's counsel, and then a second press conference with plaintiff and his counsel. Martin D. Singer Declaration, ("M. Singer Decl.") ¶ 5. Some of the efforts by Plaintiff and his counsel to obtain the maximum public exposure and create a media frenzy over the four Hawaii sexual assault cases recently filed by Plaintiff in this Court are described in the Motion to Dismiss filed with this Court on May 15, 2014 in the Neuman action, Case No. 14-CV-00190 [ECF No. 10].

Furthermore, it is critical to note that in the Prior Litigation, Plaintiff conclusively testified that no one other than the Defendants in that case – Collins-Rector, Shackley and Pierce – were involved in any alleged sexual misconduct. It is exactly for that reason that Singer was not sued in the Prior Litigation. Singer also has stated that he never engaged in any sexual conduct with Egan. B. Singer Decl., ¶ 3.

Under questioning about the sexual abuse that he had allegedly endured up to that time, Plaintiff testified in the Prior Litigation as follows:

> "Q. Was there anybody other than Marc Collins-Rector, Chad Shackley or Brock Pierce who you feel was an integral part of this thing that happened to you?
> A. Those were the three main in the wolf pack.
> Q. Was there anybody else?
> A. There was other people that worked down in the DEN facilities, but partaking in all this stuff I don't think so, no.

(M. Singer Decl., ¶ 3, Exh. "A.")[5]

Plaintiff testified under oath in 2003 that the only people who allegedly sexually abused him were the Defendants in the Prior Litigation. That is why he neither sued Singer in the Prior Litigation nor in the succeeding 14 years. For whatever reason, Plaintiff has now chosen to capitalize on what he perceives as an opportunity to assert a claim because of the special Hawaii legislation. Plaintiff has no legitimate basis for asserting this belated claim.

## VI. CONCLUSION

Plaintiff cannot sustain his burden of establishing personal jurisdiction under Rule 12(b)(2). The evidence before the Court (1) directly refutes the only allegations in the Complaint that could arguably support an assertion of personal jurisdiction over Singer, and (2) otherwise conclusively establishes that the Complaint is without merit. Therefore, this action should be dismissed pursuant to Rule 12(b)(2).

Dated: Honolulu, Hawaii, May 21, 2014.

**LAVELY & SINGER
PROFESSIONAL CORPORATION**

By: /s/ Eric A. Seitz
Martin D. Singer
Paul N. Sorrell
Andrew B. Brettler
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

---

[5] There is no dispute that Singer never worked in "the DEN [Digital Entertainment Network] facilities."

Email: mdsinger@lavelysinger.com
psorrell@lavelysinger.com
abrettler@lavelysinger.com

Attorneys Specially Appearing for Defendant BRYAN JAY SINGER

(Admitted Pro Hac Vice)

ERIC A. SEITZ (SBN 001412)
**ATTORNEY AT LAW,**
**A LAW CORPORATION**
820 Mililani Street, Haseko Center Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
Email: eseitzatty@yahoo.com