Mark F. Gallagher
mgallagher@hawaiiantel.net
66 Kaiholu Place
Kailua, Hawaii 96734
(808) 535-1500
Hawaii Bar No.: 6016

Jeff Herman
Florida Bar No. 521647
jherman@hermanlaw.com
(pending application for *pro hac vice* admission)
Dennis E. Siegel
Florida Bar No. 258131
dsiegel@hermanlaw.com
(pending application for *pro hac vice* admission)
Lee Gill Cohen
Florida Bar No. 825670
lcohen@hermanlaw.com
(pending application for *pro hac vice* admission)[1]
Herman Law
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel: 305-931-2200
Fax: 305-931-0877

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

---

[1] Although attorneys Jeffrey M. Herman, Dennis E. Siegel, and Lee G. Cohen had intended on making formal application for pro hac vice admission, in light of the issues raised in this Motion, they have stayed doing so.

| | | |
|---|---|---|
| MICHAEL F. EGAN, III, | ) | Civil Action No. 1:14-cv-00177-SOM-BMK |
| | ) | |
| Plaintiff, | ) | **MOTION TO WITHDRAW AS COUNSEL** |
| vs. | ) | |
| | ) | |
| BRYAN JAY SINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Attorneys Jeff Herman of Herman Law, and Mark F. Gallagher file this Motion to Withdraw as Counsel, pursuant to Local Rule 83.6(b) and gives good cause as follows:

Jeff Herman of Herman Law (hereinafter "Herman Law") through local counsel Mark F. Gallagher (collectively "Movant") filed this lawsuit on behalf of Michael F. Egan III (hereinafter "Mr. Egan") on April 16, 2014.

Since the filing of this lawsuit, the relationship between Movant and Mr. Egan has deteriorated, and conflicts of interest between Movant and Mr. Egan have arisen, to the point that in the opinion of Movant, the firm cannot and should not continue to represent Mr. Egan in light of Rule 1.7(a)(2), Hawaii Rules of Professional Conduct.[2]

LR 83.6(b) of this Court provides in part that:

An attorney who has appeared in a case may seek to withdraw on

---

[2] Hawaii Rule of Professional Conduct1.7 provides that:

    (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
    (1) the representation of one client will be directly adverse to another client; or
    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.

> motion showing good cause. Withdrawal shall be effective only on court order entered after service by the withdrawing attorney of a notice of withdrawal on all counsel of record and on the withdrawing attorney's client. A motion to withdraw must specify the reasons for withdrawal, unless that would violate the rules of professional conduct, and the name, address, and telephone number of the client. Notice to the attorney's client must include the warning that the client personally is responsible for complying with all court orders and time limitations established by any applicable rules.

*See, e.g.,Christian v. Frank*, 2011 WL 801966 (D. Hawaii 2011); *Crawford v. Japan Airlines*,2008 WL 465604 (D. Hawaii 2008); *National Career College, Inc. v. Spellings*, 2007 WL 2048776 (2007).

In this particular case, there is no question but that the attorney-client relationship between Mr. Egan and Movant has broken down completely and cannot be repaired. Although, as noted in LR 83.6(b), Movant cannot provide a full explanation of this breakdown and the reasons therefor except under seal, Movant does wish to note for the Court that Mr. Egan, Movant and Jeff Herman, who had been expected to be lead trial counsel in this case, have been named as codefendants in a malicious prosecution case filed in United States District Court for the District of Hawaii. *See Garth Ancier v. Michael F. Egan, III, Jeffrey M. Herman and Mark F. Gallagher*, Case No. CV14-00294JMS-RLP.

In addition, Mr. Egan has recently retained additional counsel and has directed that other counsel to take over responsibility for certain matters potentially relating to this case, albeit not as substituted counsel of record in this case. Through this additional counsel, Mr. Egan has indicated that he will not consent to Movant's withdrawal from the instant matter. Movant provided a draft of this

motion to this other recent counsel for Mr. Egan prior to filing this motion and is serving a copy of this motion on that counsel and Mr. Egan contemporaneously with its filing. This is intended to give Mr. Egan and any counsel he may choose an opportunity to be heard on the motion.

The granting of this motion will require that the presently set hearings on Defendant's Motion for Summary Judgment and Motion to Dismiss, currently scheduled for September 9, 2014, with Opposition due on August 19, 2014, be postponed in order to allow Mr. Egan to retain new local counsel and to allow that counsel to come up to speed. Substantial work must be done in response to said Motions, and, for the reasons that are stated in part above and that Movant will augment under seal if required to do so, this is not work that is ethically and professionally appropriate for Movant to perform.

Movant has conferred with counsel for Defendant, who has represented that Defendant does not object to the withdrawal of counsel by Movant.

As communication between Mr. Egan and Movant has broken down, and current communication has been handled through other recently retained counsel, Movant submits said counsel's address and telephone number as follows:

>John C. Manly, Esq. &
>Vince William Finaldi, Esq.
>MANLY, STEWART & FINALDI
>19100 Von Karman Avenue, Suite 800
>Irvine, CA  92612
>(949) 252-9990

Movant will provide Mr. Egan's last known address upon instructions of this Court or upon authorization of Mr. Egan through his new Counsel.

By way of the above described copy of this Motion to Withdraw to other recent counsel for Mr. Egan and Mr. Egan, Mr. Egan is warned that he personally is responsible for complying with all court orders and time limitations established by any applicable rules.

WHEREFORE, Jeff Herman of Herman Law and Mark F. Gallagher pray that the above suffices as good cause in accordance with Local Rule 83.6(b), and pray that this Honorable Court grant Movant's Motion to Withdraw as Counsel. Dated: July 29, 2014.

    Respectfully submitted,

    Mark F. Gallagher
    mgallagher@hawaiiantel.net
    66 Kaiholu Place
    Kailua, Hawaii 96734
    (808)535-1500
    Hawaii Bar No.: 6016

    By: /s/ Mark F. Gallagher
        Mark F. Gallagher

    Jeff Herman
    Florida Bar No. 521647
    jherman@hermanlaw.com
    (pending application for *pro hac vice* admission)
    Dennis E. Siegel
    Florida Bar No. 258131
    dsiegel@hermanlaw.com
    (pending application for *pro hac vice* admission)
    Lee Gill Cohen

Florida Bar No. 825670
lcohen@hermanlaw.com
(pending application for *pro hac vice* admission)
Herman Law
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel: 305-931-2200
Fax: 305-931-0877
Attorneys for Plaintiff