# Eric A. Seitz, Attorney At Law
A LAW CORPORATION

Eric A. Seitz
Della A. Belatti
Sarah R. Devine

August 18, 2014

**Via facsimile and mail**

Honorable Susan Oki Mollway
United States District Court
District of Hawaii
300 Ala Moana Boulevard C-338
Honolulu, Hawaii 96850

Re:  Egan v. Singer
     Civil No. 14-00177-SOM-BMK

Dear Chief Judge Mollway:

We represent Defendant Bryan Singer in the above referenced matter as local counsel with Lavely & Singer P.C. I am writing regarding a motion received today from plaintiff Michael Egan requesting a six-month continuance of Mr. Singer's pending motion for summary judgment, which is scheduled for a hearing before you on September 9, 2014. Pursuant to Local Rule 83.12, we request that the Court file Mr. Egan's pleading under seal because of his impermissible references to settlement negotiations between the parties.

On August 4, 2014, with the assistance of his recently retained counsel at Manly, Stewart & Finaldi, Mr. Egan served by email and attempted to file an opposition to his former attorneys' motion to withdraw as counsel and a motion for voluntary dismissal of this action without prejudice. Because Mr. Egan's August 4th pleading improperly contained references to alleged settlement negotiations between the parties and other inflammatory and untrue allegations about Mr. Singer Magistrate Judge Barry M. Kurren sua sponte, filed the pleading under seal. (See ECF No. 32.)

At the August 6, 2014 hearing on Mr. Egan's prior counsel's motion to withdraw, Judge Kurren explained that he sealed Mr. Egan's pleading because it contained improper references to alleged settlement discussions between the parties. Despite Mr. Egan's objection, Judge Kurren reiterated that the filing remain sealed and warned Mr. Egan against including such material in any of his pleadings. Apparently Mr. Egan did not heed the warning. The papers that Mr. Egan served, and presumably is attempting to file with the Court today, contain many of the same claims and false assumptions concerning alleged settlement discussions. Accordingly, if the Court accepts Mr. Egan's pleading, we request that it should also be filed under seal. See Folb v. Motion Picture Indus. Pension & Health Plans, 16 F. Supp. 2d 1164, 1174 (C.D. Cal. 1998), aff'd 216 F.3d 1082 (9th Cir. 2000) (holding that "settlement communications between parties should be

Hon. Susan Oki Mollway
August 18, 2014
Page 2 of 2

---

privileged"); see also Fed. R. Evid. 408 (protecting documents related to settlement negotiation from discovery); LR16.5 (providing for confidentiality in connection with settlement conferences and submissions related thereto).

Indeed, there is a heightened need for confidentiality here in light of the significant media interest in this case. (See, e.g., Requests for Media Blogging [ECF Nos. 8–9].) In a desperate attempt to salvage his claims after evidence surfaced proving that neither Mr. Singer nor Mr. Egan himself were in Hawaii, as alleged in the Complaint, Mr. Egan and the attorneys assisting him at the Manly Stewart law firm again improperly refer to alleged settlement negotiations in the papers they served today. Mr. Egan and his new lawyers seek only to embarrass Mr. Singer by repeatedly referring to and publicizing these alleged settlement communications. We therefore request that the Court continue to file such pleadings and communications under seal in fairness to all parties.

Treating Mr. Egan's purported motion for a continuance as his opposition to Mr. Singer's summary judgment motion (which was due today), Mr. Singer intends to file a reply by the August 25, 2014 deadline at which time we will address Mr. Egan's arguments regarding the untimely and improper request for a continuance.

Sincerely yours,

Eric A. Seitz

cc:   Mr. Michael F. Egan, III (*via email*)
      Martin D. Singer, Esq. (*via email*)
      Andrew B. Brettler, Esq. (*via email*)