## Declaration of Michael F. Egan, III

I, **MICHAEL F. EGAN, III**, declare as follows:

1. I am individual over the age of 21. I have personal and firsthand knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify completely to these facts under oath.

2. I submit this Declaration in support of my Motion for Continuance, pursuant to Hawaii Rules of Civil Procedure, Rule 56(f), as a continuance is necessary in order to avoid substantial prejudice to Plaintiff and his action.

3. I am a victim of child sexual abuse at the hands of Defendant Bryan Singer—a wealthy film director who resides in California.

4. On July 29, 2014, My Attorneys emailed me a copy of their Motion to Withdraw from representing me in the present action. Since that time, they have also emailed me Motions to Withdraw from representing me in separate actions they filed in California related to additional sexual abuse I suffered at the hands of Defendant Singer.

6. My Attorneys' request to withdraw, which has now been granted, was precipitated by their recent settlement of additional claims, for which they represented other victims of sexual assault at the hands of Defendant Singer, at a June 27, 2014 mediation they attended in Malibu, California, with Defendant

Singer, his counsel of record Martin Singer, and mediator Linda E. Meyer.

7. In mid-July of 2014, I contacted attorneys in California and asked for legal advice regarding the purported settlement and my options. Those attorneys are Messrs. Manly and Finaldi, of Manly, Stewart & Finaldi, in Irvine, California, referenced in the Motion to Withdraw. They are not licensed to and do not practice in Hawaii. They have not agreed to, and do not represent me in any of my underlying actions. But, their California practice is focused upon representing victims of child sexual abuse, and they have represented hundreds of victims in the process. They are advising me generally regarding my sexual abuse claims.

8. When I expressed concerns of the handling of my case, My Attorneys informed me that they were withdrawing from representation and they filed a Motion to Withdraw, which has been granted, citing a conflict of interest. They sent Messrs. Manly and Finaldi an email containing the Motion for Summary Judgment documents on July 30, 2014, but again, Messrs. Manly and Finaldi do not represent me in the underlying actions. On August 06, 2014, My Attorneys were allowed to withdraw from my case, thereby leaving me with no attorney in my case. At this time, I have not been able to retain alternate counsel.

9. Despite numerous requests, My Attorneys merely provided me with an incomplete case file on August 04, 2014, wherein discovery that they have completed in my action is unorganized, voluminous, and I cannot readily decipher

it alone. There was no meaningful attempt to prepare for the opposition to the summary judgment or motion to dismiss for lack of jurisdiction motions which I am informed are due on August 19, 2014, for the hearing set for September 9, 2014.

10. I am not a lawyer. I reside in the State of Nevada. My Attorneys' withdrawal from representing me has made its way into the mainstream media. They have issued statements to the press regarding the withdrawal that paint me and my case in a negative light, hindering my ability to locate alternate counsel. Although I have been extremely diligent in my search for alternate counsel, as of this point in time I have not been successful in retaining an attorney to pursue my claim in Hawaii. With the looming deadline for my reply now days away, I respectfully request a reasonable 180 day continuance to obtain alternate counsel, and to get my alternate counsel up to speed on my case, which I believe is necessary to avoid substantial prejudice to myself and my case.

11. While representing me, My Attorneys have violated several provisions of the Hawaii Rules of Professional Conduct. Their actions have caused me to be sued in a separate malicious prosecution action, referenced in My Attorneys Motion to Withdraw, regarding which they are defendants as well. Contrary to the Rules of Professional Conduct, they: 1) attempted to intimidate and coerce me into accepting a settlement under terms I did not agree with

(Haw.R.Prof.Conduct, Rule 1.2(a)); 2) attempted to force me to accept settlement terms that were illegal under California law (Id, Rule 1.2(d); Cal. Rules Civ. Proc. § 1002); 3) attempted to aggregate settlement of multiple claims with mine against the same Defendant (Id, Rule 1.8(g)); 4) failed to diligently prepare an opposition to the pending motion for summary judgment and motion to dismiss for lack of jurisdiction, either through formal discovery or motion preparation (Id, Rule 1.3); 5) failed to appropriately communicate with me regarding the status of my case, despite numerous requests therefor (Id, Rule 1.4(a)(3-4)); 6) engaged in conduct, through representation of other victims of Defendant Singer, that created a conflict of interest (Id, Rule 1.7(a)(1-2)); and 7) failed to take steps reasonably necessary to allow me to obtain employment of other counsel, including surrendering my entire case file to me (Id, Rule 1.16(d)).

12. Because of the actions of My Attorneys, I am not in possession of the information or resources requisite for me to properly oppose the motion for summary judgment or motion to dismiss for lack of jurisdiction filed by Defendant Singer. As I am not a lawyer, and have been unable to locate one to represent me, I have no way of opposing this motion on my own, despite the fact that I was sexually abused by Defendant Singer, in Hawaii, when I was a child.

13. I should not be prejudiced because My Attorneys' public actions and statements have prevented me from obtaining separate counsel. I should not be

prejudiced because My Attorneys have decided to withdraw from the action two weeks from the date oppositions to the motions for summary judgment and to dismiss for lack of jurisdiction are due, for which no work was completed by them and the evidence for which they refuse to provide me because they settled those cases confidentially.

14. My attorneys made the decision to put their and their other clients' pecuniary interests above my legal interests, and also, above the interests of other potential victims of sexual abuse at the hands of Defendant Singer (through confidentiality). As a result, I hereby respectfully request that the Court grant a Continuance in this action for 180 days, pursuant to <u>Hawaii Rules of Civil Procedure</u>, Rule 56(f), in order to allow me to obtain legal counsel in my case and prepare a reply to Defendant Singer's Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August, 2014, in Irvine, California, United States.

_____
Michael F. Egan III