ORIGINAL

Michael F. Egan, III
c/o
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
(949) 252-9990
Hbejr2012@gmail.com
Plaintiff filing document *pro se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 0 2014

at ___o'clock and ___min. ___M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL F. EGAN, III, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BRYAN JAY SINGER, )<br>)<br>Defendant. )<br>)<br>)<br>_____ ) | Civil Action No. 1:14-cv-00177-SOM-BMK<br><br>**PLAINTIFF MICHAEL F. EGAN, III'S, REPLY TO DEFENDANT BRYAN JAY SINGER'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE.** |

Plaintiff MICHAEL F. EGAN, III, (hereinafter "Egan" or "Plaintiff") on his

own behalf, hereby files the present Reply to Defendant BRYAN JAY SINGER

(hereinafter "Singer"), Opposition to Motion to Dismiss Without Prejudice submitted *pro se* by Plaintiff, under seal by the Court on August 04, 2014 (hereinafter the "Motion" or "MTD").

## I. INTRODUCTION AND FACTUAL BACKGROUND[1]

The Court should exercise its discretion and grant my Motion to Dismiss Without Prejudice Or An Award of Costs Or Fees (hereinafter the "Motion" or "MTD"), because Singer cannot show that he will be substantially prejudiced by dismissal, and Singer appears to mislead the Court in implying that I have retained legal counsel for this matter when I have not, despite my best efforts.[2]

Defendant Singer's self-aggrandizement is also misplaced. My MTD has little to do with the strength of his defense, but rather, it is a consequence of the current circumstances regarding my case, my lack of legal counsel, and my inability to proceed in this matter acting on my own behalf. I am not an attorney, my former attorney's withdrew mere weeks before an opposition to Singer's Motion for Summary Judgment was due, my former attorneys refused to timely provide my case materials, and I have not been able to retain alternate counsel in

---

[1] Please refer to My Opposition to Motion to Withdraw and Pending Motion to Dismiss Without Prejudice Or An Award Of Costs Or Fees, In The Interests Of Justice, for a more accurate and detailed recitation of the facts in this matter.

[2] Please note that **every motion I have filed, including the attached declarations**, have stated that **I am not represented by counsel in this matter** anymore, I have **not been able to retain counsel** in this matter, **Messrs. John Manly and Vince Finaldi are not my attorneys, nor do they represent to the Court that they practice in Hawaii, or are even licensed to practice in Hawaii**.

the interim.³

On the other hand, Defendant Singer is correct on one matter; Hawaii is the appropriate forum for this action. My allegations of childhood sexual abuse arise out of conduct that occurred in Hawaii, and despite Singer's repeated protests and insinuations of impropriety, the Hawaii legislature deemed it proper to extend the limitations on April 01, 2014, for a second time, for this very purpose.

In the end, Defendant Singer will not suffer "plain legal prejudice" by having my case dismissed without prejudice or fees awarded. Dismissal is, after all, exactly what Singer wanted in the first place. The Court should exercise its discretion and grant my Motion to Dismiss Without Prejudice, and not award Singer fees or costs because none of the bases raised in Singer's Opposition warrant such a harsh and unjust result.

## II. LEGAL ARGUMENT

Plaintiff is entitled to a court ordered dismissal without prejudice or an award of fees or costs because Singer fails to prove he is subject to plain legal prejudice. Any civil case may be dismissed upon order of the court and upon such terms and conditions as the court deems proper. Fed. R. Civ. Proc. ("FRCP"), Rule

---

³ Singer seems to recognize that I have not been able to retain alternate counsel [see page 2 or Opposition to Motion to Dismiss], yet simultaneously states Messrs. John Manly and Vince Finaldi are "allegedly 'advising' [me]" in a veiled attempt to show I am represented by legal counsel. **Once again, for the record, I am not represented by legal counsel at this time despite my best efforts to retain alternate legal counsel since the withdrawal of my prior legal counsel.**

41(a)(2). Unless otherwise specified in the order, a dismissal will be without prejudice. FRCP, Rule 41(a)(2). Voluntary dismissal under Rule 41(a)(2) is left to the Courts discretion, and the order will not be disturbed absent an abuse of discretion. Westlands Water Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996).

Generally, a dismissal under Rule 41(a)(2) is warranted unless the defendant will suffer "plain legal prejudice." Hoffman v. Alside, Inc., 596 F.2d 833, 823 (8th Cir. 1979); Durham v. Florida East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967). Plain legal prejudice must be significant and not merely when a defendant faces the prospect of a second lawsuit, or the plaintiff merely gains a tactical advantage, or because defendant has begun trial preparations, or the inconvenience of defending the present lawsuit. Durham, 385 F.2d at 368; Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982); see also J. Moore, et al., MOORE'S FEDERAL PRACTICE, 41.05(1), at 41-73 (2d ed. 1981).

Additionally, the crux to Singer's entire motion is a plea for an award of legal fees and costs because Singer's Motion for Summary Judgment has already been filed. However, the Federal Courts have already ruled this contention is "without merit, for the very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed." Hamilton, 679 F.2d at 146. In fact, payment of costs has never been held as a prerequisite for an order granting voluntary dismissal, and

several courts have held such a payment is not required whatsoever. See Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989); New York, C. & St. L. R. Co. v. Vardaman, 181 F.2d 769, 771 (8th Cir. 1950); Brady v. Geist, 85 F.R.D. 36, 37 (E.D. Penn., 1979).

It should also be noted that the factors listed in Singer's motion are not dispositive, nor are the standard in the Ninth Circuit, and even if Singer can show that one or more of the factors applies here, there is still no basis for denying Plaintiff's Motion to Dismiss Without Prejudice in light of the circumstances.

### a. *Singer's Damages claim is without merit.*

At the outset, Plaintiff's allegations of childhood sexual abuse against Defendant Singer arise out of conduct that occurred in Hawaii. In an effort to stem this sort of appalling behavior, the Hawaii Legislature extended the period to file otherwise time-barred actions. See Haw. Rev. Stat. §657-1.9. While Singer may complain of forum shopping, the entire point of this statute is to provide (albeit delayed) justice to victims of sexual abuse.

Also, even if the Court is to believe that Singer's has incurred "hundreds of thousands of dollars in legal fees" in just a few short months, the fact that Singer incurred these fees, or even that he filed a Motion for Summary Judgment fails to establish "plain legal prejudice" by any measure. Opposition to MTD("Opp"), p. 6; See also Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1256-58 (11th Cir. 2001);

Duram v. Florida E. Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967). Federal Courts already note that this incurred expense, even when combined with other factors "neither [...] alone, or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." Potenberg, 252 F.3d at 1256; Duram, 385 F.2d at 369; Westlands Water Dist. v. U.S., 100 F. 3d 94, 97 (9th Cir. 1996) (finding expenses alone will not constitute legal prejudice). The mere inconvenience of defending another lawsuit or the fact that "the defendant has already begun trial preparations does not constitute prejudice." See Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002); Potenberg, 252 F.3d at 1256; Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994).

Once again, Singer represents himself as a victim, when in fact, such a contention could not be further from the truth. Should the court grant Plaintiff's Motion to Dismiss Without Prejudice or Costs, it is certainly not without consequence to Plaintiff. Also, upon dismissal, Plaintiff will essentially gain nothing from this action, yet after being forced to relive the sexual abuse he suffered as a child. Meanwhile, Singer's counsel has done everything possible to harass, intimidate and defame Plaintiff. Moreover, Singer now seeks to punish Egan further by recovering his absurd "legal fees" Notwithstanding, payment of costs has never been held as a prerequisite for an order granting voluntary dismissal, and several courts have held such a payment is not required whatsoever.

See Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989); New York, C. & St. L. R. Co. v. Vardaman, 181 F.2d 769, 771 (8th Cir. 1950); Brady v. Geist, 85 F.R.D. 36, 37 (E.D. Penn., 1979).

### b. *Plaintiff was diligent in his case.*

This case is merely a few months old, and there is no unjust delay at this point. Plaintiff's prior attorneys sought to withdraw after allegations arose of impropriety during settlement negotiations, failure to timely disclose case materials, failure to do any work opposing Singer's Motion for Summary Judgment, and making disparaging comments in the media making it difficult, if not impossible to retain alternate counsel in my case. Any delay in this action is not attributable to Plaintiff, and the negligence of Plaintiff's prior attorneys in "prosecuting this action, alone or together, [does not] conclusively or per se establishes plain legal prejudice." Potenberg, 252 F.3d at 1256; Duram, 385 F.2d at 369. Federal Courts rarely, if ever, will decide to "visit the sins of the lawyer upon his client." Potenberg, 252 F.3d at 1257; Duram, 385 F.2d at 367; McCants v. Ford Motor Co., 781 F.2d 855, 858 (11th Cir. 1986). The withdrawal had nothing to do with the merits of my case, and to insinuate such is misleading and improper.

Moreover, I have not been able to retain alternate legal counsel in this matter for the reasons listed herein. However, contrary to Singer's recurring theme of deception, Messrs. John Manly and Vince Finaldi are not my attorney's, have not

agreed to represent me, and make no representation that they practice in Hawaii, or are even licensed to practice in Hawaii. Indeed, Singer is correct; Messrs. Manly and Finaldi have **made no appearances** on my behalf, **because they do not represent me**. The consequences of dismissal without prejudice are mine to bear, and the merits of my suit may, or may not, have to be dealt with at a later date.

### c. *Plaintiff has not retained alternate counsel*.

Singer's two articulated grounds for denial of the pending Motion to Dismiss Without Prejudice are; (**1**) baseless speculation, and (**2**) incorrect facts. At the outset, filing an opposition to a Motion for Summary Judgment requires significant legal knowledge. I am not an attorney, and my prior attorneys withdrew mere weeks before my opposition is due and did not work on the opposition whatsoever and despite my best efforts, I have not been able to find alternate legal counsel.

First off, Messrs. Manly and Finaldi were called for advice because my previous legal counsel failed to communicate material matters with me, failed to disclose my case materials, and sought to withdraw weeks before my opposition to Singer's Motion for Summary Judgment was due, while no work on the opposition was done. Again, Singer merely alleges that "attorneys drafted [my] Motion papers" while hoping the Court will not notice this absurd and baseless assertion.

Also, Singer and his legal team have stopped at nothing to harass and intimidate me, my relatives and even went so far as to seek, unsuccessfully I might

add, declarations from by former wife and in-laws. These are public documents, and I do not want the press or Singer's attorney's to come to my private address seeking to interrogate, intimidate or harass me any further.

### d. *Plaintiff has already asked the Court to continue Singer's Motion for Summary Judgment, and dismissal with prejudice is not warranted.*

Recently, on August 14, 2014, I asked to court to continue the Motion for Summary Judgment hearing for a reasonable time so I can retain alternate counsel and draft a reply to Singer's Motion. Thus, it is premature to hear a Motion for Summary Judgment while my case can, and should be, continued pursuant to my timely request. As noted, the fact that a case has proceeded to summary judgment, or is a result of a party's mere attempt to avoid adverse summary judgment ruling does not constitute plain legal prejudice. Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1258 (11th Cir. 2001). The standard for granting a movants Motion for Summary Judgment is there "...exists no genuine dispute to any material fact..." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). At this premature stage, whereas my attorneys withdrew because their own conduct created a conflict of interest, failed to timely provide my case materials, failed to do any work on Singer's Motion for Summary Judgment, and have made it difficult for me to retain alternate legal counsel, it is still not "undisputed" that I cannot meaningfully respond and defeat Singer's Motion for Summary Judgment. Opp., p.10.

However, in light of the aforementioned challenges, and with little time meaningfully meet these challenges while filing *pro se*, a dismissal of my action, without prejudice or award of costs is warranted pursuant to FRCP, Rule 41(a)(2),.

## III. CONCLUSION

For the foregoing reasons, I respectfully ask the court dismiss this action without prejudice or any award of costs or fees, pursuant to FRCP, Rule 41(a)(2).

Dated: August 19, 2014.

Respectfully submitted,

By/ *[signature]*

Michael F. Egan, III
c/o
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
(949) 252-9990

Plaintiff

# CERTIFICATE OF SERVICE

I do hereby certify that a copy of the within was duly served this date electronically to the following at the addresses listed below:

Mark F. Gallagher
Law Offices of Mark Gallagher
66 Kaiholu Place
Kailua, HI 96734
535-1500
888-806-1531 (fax)
mgallagher@hawaiiantel.net

Jeff Herman
Dennis E. Siegel
Lee Gill Cohen
Herman Law
3351 NW Boca Raton Blvd.
Boca Raton, FL 33431
jherman@hermanlaw.com
dsiegel@hermanlaw.com
lcohen@hermanlaw.com

Andrew B. Brettler
Lavely & Singer
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 556-3501
(310) 556-3615 (fax)
abrettler@lavelysinger.com

Eric A. Seitz
A Law Corporation
820 Mililani St Ste 714
Honolulu, HI 96813
533-7434
eseitzatty@yahoo.com

Martin D. Singer
Lavely & Singer
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 556-3501
(310) 556-3615 (fax)
mdsinger@lavelysinger.com

Paul N. Sorrell
Lavely & Singer
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 556-3501
(310) 556-3615 (fax)
psorrell@lavelysinger.com

Dated: August 20, 2014, Irvine, California.

_____
Kathy Frederiksen