LAVELY & SINGER
PROFESSIONAL CORPORATION

MARTIN D. SINGER (California Bar No. 78166)
ANDREW B. BRETTLER (California Bar No. 262928)
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615
E-mail:   mdsinger@lavelysinger.com
          abrettler@lavelysinger.com

(Admitted pro hac vice)

ERIC A. SEITZ  1412
ATTORNEY AT LAW
A LAW CORPORATION
820 Mililani Street
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608
E-mail:   eseitzatty@yahoo.com

Attorneys for Defendant
BRYAN JAY SINGER


                IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

MICHAEL F. EGAN, III,          )    Case No. 14-00177 SOM-BMK
                               )
            Plaintiff,         )    DEFENDANT BRYAN JAY SINGER'S
                               )    MOTION TO SEAL; MEMORANDUM IN
     vs.                       )    SUPPORT OF MOTION TO SEAL;
                               )    CERTIFICATE OF SERVICE
BRYAN JAY SINGER,              )
                               )
            Defendant.         )
                               )
_____)

<u>DEFENDANT BRYAN JAY SINGER'S MOTION TO SEAL</u>

Defendant BRYAN JAY SINGER, by and through the undersigned attorneys, hereby moves the Court for an order sealing Plaintiff's Motion for Continuance of 180 Days Regarding Defendant Bryan Jay Singer's Motion for Summary Judgment, and the accompanying Declaration of Plaintiff MICHAEL F. EGAN, III, dated August 14, 2014 [ECF No. 37].

This motion is brought pursuant to Local Rule 83.12 and the Court's Order, dated August 19, 2014 [ECF No. 38], and is based upon this Motion, the Memorandum in support filed concurrently, the Declaration of Andrew B. Brettler and exhibits thereto filed concurrently, the Proposed Order submitted concurrently, the records and pleadings on file herein, and the arguments to be presented at a hearing upon the motion.

DATED: Los Angeles, California, August 25, 2014.

LAVELY & SINGER
PROFESSIONAL CORPORATION

- and -

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

By: /s/ Andrew B. Brettler
    Martin D. Singer
    Andrew B. Brettler
    Eric A. Seitz

    Attorneys for Defendant
    BRYAN JAY SINGER

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL F. EGAN, III, | ) | Case No. 14-00177 SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT BRYAN JAY SINGER'S |
| | ) | MOTION TO SEAL |
| BRYAN JAY SINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

INTRODUCTION

On August 18, 2014, Plaintiff MICHAEL F. EGAN, III ("Egan"), with the assistance of the attorneys at Manly, Stewart & Finaldi in Irvine, California, electronically served the undersigned counsel with a motion seeking a six-month continuance of the summary judgment motion filed by Defendant BRYAN JAY SINGER ("Singer") on May 29, 2014. Egan's motion for a continuance and his declaration in support thereof contain improper references to alleged settlement communications between the parties and alleged settlement discussions that Egan claims Singer had with other persons.

To protect against the unauthorized disclosure of these alleged settlement communications, Singer respectfully requests that the Court seal Egan's August 18, 2014 pleadings. As ordered by the Court, Singer's counsel has attempted to meet and

1

confer with Egan by telephone prior to filing this motion, but the attorneys who have been assisting and advising Egan at the Manly, Stewart & Finaldi law firm refused to provide contact information for Egan.  Although the lawyers at Manly, Stewart & Finaldi insist they do not represent Egan because, among other reasons, they are not authorized to practice law before this Court, they clearly have been assisting Egan in drafting and serving his pleadings and have interfered with the undersigned counsel's attempt to communicate with Egan directly.  In fact, the only contact information that Egan provided to the Court is an address and telephone number for Manly, Stewart & Finaldi, and a bogus, non-working email address.

Because Egan has refused to meet and confer, as ordered by the Court, Singer respectfully requests that Egan's entire pleading remain under seal.  Alternatively, if the Court is inclined only to seal the portions of the pleading that specifically refer to alleged settlement communications, Singer respectfully requests that the portions of Egan's pleading identified herein be redacted from the Court's public file.

<u>STATEMENT OF FACTS</u>

This is not the first time that Egan attempted to file documents that contained references to alleged confidential settlement communications.  In connection with his former counsel's motion to withdraw, Egan, with the assistance of the

attorneys at Manly, Stewart & Finaldi, submitted a memorandum and declaration replete with references to alleged settlement communications.  During the August 6, 2014 hearing on the motion to withdraw, Magistrate Judge Barry M. Kurren informed Egan that it was inappropriate to include such information in a court filing, and Judge Kurren, sua sponte, sealed Egan's pleading. [ECF No. 32.]

Egan was undeterred.  On August 18, 2014, Egan, again with the assistance of counsel at Manly, Stewart & Finaldi, served the undersigned by email with a copy of a motion requesting a six-month continuance of Singer's summary judgment motion. (Brettler Decl. ¶ 3.)  Egan's motion papers again contain improper references to alleged settlement communications.  (See infra pp. 5-6.)  After reviewing Egan's pleadings, Singer's counsel sent a letter to the Court requesting that Egan's pleadings be filed under seal to protect against the unauthorized disclosure of alleged settlement communications. [ECF No. 36.]

On August 19, 2014, the Court temporarily filed Egan's motion and declaration under seal and ordered Singer to make a motion, pursuant to Local Rule 83.12, if, after conducting a telephonic meet and confer with Egan, Singer continues to believe that material contained in Egan's pleadings should

remain sealed.[1]  [ECF No. 38.]  Singer's counsel attempted to

contact Egan to meet and confer, but, were stymied in their

efforts by attorneys John C. Manly and Vince W. Finaldi at the

law firm of Manly, Stewart & Finaldi in Irvine, California.[2]

(See Brettler Decl. ¶¶ 4-8.)

On August 20, 2014, the undersigned counsel sent an email

to Egan at the email address Egan provided to the Court,

requesting Egan's telephone number for the purpose of conducting

a telephonic meet and confer, pursuant to the Court's Order.

(Brettler Decl. ¶ 4.)  The email sent to Egan was returned by

the server with the error message that it "could not be

delivered."  (Id. ¶ 5.)

---

[1]    In its Order [ECF No. 38], the Court also denied Egan's
motion for a continuance of Singer's summary judgment motion,
which is scheduled to be heard on September 9, 2014.

[2]   Although Egan insists that he is pro se and that he is not
represented by counsel in this matter, the attorneys at Manly,
Stewart & Finaldi have provided assistance to Egan, including
serving multiple pleadings on his behalf.  Egan uses Manly,
Stewart & Finaldi's mailing address and telephone number on his
pleadings, and provided a phony, non-working email address to
the Court and to undersigned counsel.  Egan even admits that
Messrs. Manly and Finaldi are "advising [him] generally."  (Egan
Decl. ¶ 7, Aug. 14, 2014; Egan Decl. ¶ 11, Aug. 1, 2014.)  If
Messrs. Manly and Finaldi intend to continue acting as Egan's
attorneys, they should apply for admission pro hac vice and, if
the Court grants their applications, enter notices of appearance
in this case.  Otherwise, Egan must provide the Court and
Singer's counsel with his personal contact information,
including his mailing address, telephone number, and a valid
email address.  See LR10.2 (requiring contact information of
counsel, "or, if pro se, of the party" on all pleadings; see
also LR83.13 ("Pro se litigants shall abide by all local,
federal, and other applicable rules and/or statutes.").

The undersigned counsel then contacted Messrs. Manly and Finaldi to request that they provide a telephone number or valid email address for Egan.  (Brettler Decl. ¶ 6.)  Mr. Finaldi refused to provide contact information for Egan and stated that Egan "is not amenable to speaking with [Singer's counsel] over the telephone."  (Id. ¶ 7.)  As a result of Manly, Stewart & Finaldi's interference, their refusal to provide a phone number or an operable email address for Egan, and Egan's refusal (according to attorney Finaldi) to participate on a telephone call, to date, Singer's counsel have not been able to meet and confer with Egan as the Court ordered.  (Id. ¶ 8.)

Because Singer's attorneys were unable to discuss with Egan which portions of his motion papers should remain sealed to protect against disclosure of alleged settlement communications, Singer respectfully requests that the entire pleading remain sealed.  [ECF No. 37.]  If the Court is inclined to seal only the portions of the pleading that impermissibly refer to alleged settlement communications, Singer respectfully requests that the following portions of Egan's August 14, 2014 motion and accompanying declaration remain sealed:

- Page 6, the sentence in the first paragraph beginning, "This is directly";

- Page 8, the sentence in the first paragraph beginning, "I may need";

- Page 11, Paragraph 6 (in its entirety)[3];

- Pages 13-14, Paragraph 11, the sentence beginning, "Contrary to the Rules" through and including subdivision 3 ending on the fourth line on Page 14;

- Pages 14-15, Paragraph 13, beginning with the second sentence through the end of the Paragraph;

- Page 15, the first sentence of Paragraph 14.

Each of these excerpts contains improper references to alleged confidential settlement communications.  For the reasons explained below and in local counsel Eric Seitz's letter to the Court, dated August 18, 2014 [ECF. No. 36], an order sealing these portions of Egan's pleading is appropriate.

## ARGUMENT

By filing pleadings containing alleged settlement communication, Egan not only is ignoring Judge Kurren's directive, but also he is violating the laws that provide for the general protection and confidentiality of settlement communications.  See Jones v. Metro. Life Ins. Co., No. C-08-03971-JW (DMR), 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) (exercising its "inherent powers" to strike portions of pleading that disclosed "confidential settlement negotiations"); Folb v. Motion Picture Indus. Pension & Health Plans, 16 F. Supp. 2d 1164, 1174 (C.D. Cal. 1998), aff'd 216 F.3d 1082 (9th

---

[3]  Egan's declaration is missing a Paragraph 5.  References to paragraph numbers herein refer to the erroneous paragraph numbers that Egan uses in his declaration.

Cir. 2000) (holding that "settlement communications between parties should be privileged"); see also Fed. R. Evid. 408 (preventing the disclosure of documents reflecting settlement negotiation); LR16.5 (providing for confidentiality of settlement conferences and submissions related thereto).

Here, there is a heightened need for confidentiality in light of the significant media interest in this case.  See, e.g., Requests for Media Blogging [ECF Nos. 8-9]; see also Kory Grow, Man Who Accused 'X-Men' Director of Sexual Abuse Seeks to Dismiss Lawsuit, Rolling Stone (Aug. 22, 2014), http://www.rollingstone.com/movies/news/man-who-accused-x-men-director-of-sexual-abuse-seeks-to-dismiss-lawsuit-20140822; Jonathan Handel, Hollywood Sex Abuse Accuser Apparently Seeks to Withdraw Case Against Bryan Singer, The Hollywood Reporter (Aug. 5, 2014), http://www.hollywoodreporter.com/news/hollywood-sex-abuse-accuser-apparently-723682.  Nearly every document filed in this case draws inquiries from the press.  (Brettler Decl. ¶ 9.)

In fact, a reporter for BuzzFeed.com confirmed to the undersigned counsel that Egan previously provided him with a copy of Egan's prior pleading before it was even filed with the Court.  The reporter asked Singer's counsel to comment on the allegations in Egan's pleading about settlement negotiations.  (Brettler Decl. ¶ 10.)  Ultimately, Judge Kurren directed that

7

pleading to be filed under seal because it improperly contained numerous references to alleged settlement communications. (Brettler Decl. ¶ 11.)  To prevent Egan from again disclosing such alleged information to the media or other third parties, the Court should seal Egan's August 14, 2014 motion papers.

<u>CONCLUSION</u>

For all the reasons stated herein and in the accompanying declaration, Singer respectfully requests that the Court permanently seal Egan's motion papers [ECF No. 37], or, at a minimum, the portions thereof containing allegations regarding settlement communications to protect against the unauthorized and impermissible disclosure of such alleged information.

DATED: Los Angeles, California, August 25, 2014.

LAVELY & SINGER
PROFESSIONAL CORPORATION

- and -

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

By:  /s/ Andrew B. Brettler
     Martin D. Singer
     Andrew B. Brettler
     Eric A. Seitz

     Attorneys for Defendant
     BRYAN JAY SINGER

8