```
LAVELY & SINGER
PROFESSIONAL CORPORATION

MARTIN D. SINGER (California Bar No. 78166)
ANDREW B. BRETTLER (California Bar No. 262928)
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615
E-mail:   mdsinger@lavelysinger.com
          abrettler@lavelysinger.com

(Admitted pro hac vice)

ERIC A. SEITZ   1412
ATTORNEY AT LAW
A LAW CORPORATION
820 Mililani Street
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608
E-mail:   eseitzatty@yahoo.com

Attorneys for Defendant
BRYAN JAY SINGER
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL F. EGAN, III, | ) | Case No. 14-00177 SOM-BMK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF ANDREW B. |
| | ) | BRETTLER IN SUPPORT OF |
| vs. | ) | DEFENDANT BRYAN JAY SINGER'S; |
| | ) | MOTION TO SEAL; CERTIFICATE |
| BRYAN JAY SINGER, | ) | OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

DECLARATION OF ANDREW B. BRETTLER

I, Andrew B. Brettler, declare that:

1. I am a partner at the law firm Lavely & Singer Professional Corporation, counsel of record for Defendant Bryan Jay Singer in this action.

2. I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth herein.

3. On August 18, 2014, I received by email a copy of Plaintiff Michael F. Egan, III's Motion for Continuance of 180 Days Regarding Defendant Bryan Jay Singer's Motion for Summary Judgment. Kathy Frederiksen, the legal assistant to John C. Manly, Esq. and Vince W. Finaldi, Esq. of Manly, Stewart & Finaldi in Irvine, California, electronically served the pleading on Mr. Egan's behalf. Attached hereto as Exhibit A is a true and correct copy of the August 18, 2014 email (without the attachment) that I received from Ms. Frederiksen.

4. As ordered by the Court [ECF No. 38], in an effort to meet and confer with Mr. Egan by telephone regarding Defendant's Motion To Seal, I sent an email to Mr. Egan at the email address he provided to the Court on his pleadings (Hbejr2012@gmail.com) to request Mr. Egan's telephone number because the only other contact information Mr. Egan provided to the Court was the

1

mailing address and telephone number for the Manly, Stewart & Finaldi law firm.  Attached hereto as Exhibit B is a true and correct copy of my August 20, 2014 email to Mr. Egan.

5.   My email to Mr. Egan was returned by the server with an error message that it "could not be delivered."  Attached hereto as Exhibit C is a true and correct copy of the "mail delivery failure" message that I received on August 20, 2014 after attempting to email Mr. Egan.

6.   I then emailed Messrs. Manly and Finaldi to request that they provide me with a telephone number or valid email address for Mr. Egan.  Attached hereto as Exhibit D is a true and correct copy of the first email I sent to Messrs. Manly and Finaldi on August 20, 2014.

7.   Mr. Finaldi responded to my email indicating that he would not provide "any further contact information" for Mr. Egan.  In a subsequent email to me, Mr. Finaldi requested that we conduct the meet and confer by email through his office and wrote, "[Mr. Egan] is not amenable to speaking with you over the telephone.  I don't blame him."  In reply, I reminded Mr. Finaldi that the Court ordered us to meet and confer with Mr. Egan by telephone and indicated that we would inform the Court of the response we received from him on Mr. Egan's behalf.  I added, "So it is clear, you are refusing to provide us with a valid email address or telephone number for Mr. Egan and

preventing us from contacting him directly." Attached hereto as Exhibit E is a true and correct copy of my email exchange (attachments removed) with Mr. Finaldi on August 20, 2014.

8. As a result of Manly, Stewart & Finaldi's interference, their refusal to provide a phone number or an operable email address for Mr. Egan, and Mr. Egan's refusal (according to Mr. Finaldi) to participate on a telephone call, to date, we have not been able to meet and confer with Mr. Egan as the Court ordered.

9. There is significant media interest in this case. Since Mr. Egan filed his lawsuit and attended press conferences to announce his claims, numerous articles have been written about the case. Nearly every document that is filed with the Court draws inquiries from the press.

10. At approximately 11:40 a.m. (PDT) on August 5, 2014, a reporter from BuzzFeed.com confirmed in a telephone call with me and Martin D. Singer, Esq. that Mr. Egan sent the reporter a copy of his Opposition to Motion To Withdraw as Counsel and Request for Court Order of Dismissal before the pleading was even filed with the Court. The reporter asked us to comment on Mr. Egan's pleading and his allegations about settlement negotiations contained therein. At approximately 4:45 p.m. (PDT) on August 5, 2014, the Court filed Mr. Egan's pleading under seal. [ECF No. 32.]

11.  During the August 6, 2014 hearing on the Motion To Withdraw as Counsel, Magistrate Judge Barry M. Kurren indicated that he sealed Mr. Egan's pleading, sua sponte, because it contained numerous improper references to alleged settlement communications.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2014, at Los Angeles, California.

                    /s/ Andrew B. Brettler
                        ANDREW B. BRETTLER

                    Attorneys for Defendant
                    BRYAN JAY SINGER