IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL F. EGAN III, | ) | CIVIL NO. 14-00177 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR |
| | ) | VOLUNTARY DISMISSAL |
| vs. | ) | |
| | ) | |
| BRYAN JAY SINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**

**I.      INTRODUCTION.**

Plaintiff Michael F. Egan III moves for dismissal of this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The court grants Plaintiff's motion.

**II.     FACTUAL BACKGROUND.**

Plaintiff filed a Complaint against Defendant Bryan Jay Singer on April 16, 2014.  ECF No. 1.  On May 21, 2014, Defendant filed a motion to dismiss for lack of jurisdiction, ECF No. 16, followed by a motion for summary judgment on May 29, 2014, ECF No. 20.

On May 29, 2014, Plaintiff's counsel filed a motion to withdraw as counsel.  ECF No. 27.  In his opposition to the motion to withdraw as counsel, Plaintiff requested a court order dismissing his action without prejudice.  ECF No. 32.  The motion to withdraw as counsel was granted on August 6, 2014, and

Plaintiff's opposition to the motion was construed as a motion to dismiss without prejudice.  ECF No. 33.

**III.     STANDARD.**

Rule 41(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  When, as in the present case, an opposing party has served a motion for summary judgment, a plaintiff may voluntarily dismiss an action only by court order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1]  Rule 41(a)(2) states: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion[.]" Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).  "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." Id. (citations omitted).  Therefore, "[a] district

---

[1] The court construes Egan's request for dismissal pursuant to Rule 41(a)(2) of the Hawaii Rules of Civil Procedure as a request under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

2

court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted).

"Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." Id. at 976 (internal quotation marks and citation omitted). "Uncertainty because a dispute remains unresolved" or "the threat of future litigation which causes uncertainty" does not constitute plain legal prejudice." Westlands Water Dist. v. United States, 100 F.3d 94, 96-97 (9th Cir. 1996). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Smith, 263 F.3d at 976.

**IV.    ANALYSIS.**

Defendant fails to demonstrate that he will suffer plain legal prejudice as a result of voluntary dismissal under Rule 41(a)(2).

In opposition to Plaintiff's motion to dismiss without prejudice, Defendant argues that he will suffer plain legal prejudice because: (1) he has incurred significant expense defending against Plaintiff's suit; (2) his reputation has been tarnished; and (3) Plaintiff fails to provide a "valid basis" for

seeking dismissal without prejudice.  ECF No. 35.  None of these constitutes plain legal prejudice.

### A. Expense Incurred.

Contrary to Defendant's assertions, Defendant will not suffer plain legal prejudice from voluntary dismissal as a result of the expense he has incurred in this action.  The Ninth Circuit has "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice."  Westlands, 100 F.3d at 97.

### B. Harm to Reputation.

Defendant fails to demonstrate that harm to his reputation constitutes plain legal prejudice.  Legal prejudice refers to "prejudice to some legal interest, some legal claim, [or] some legal argument."  Smith, 263 F.3d at 976.  Damage to one's reputation is not ordinarily connected to a *legal* interest, claim, or argument, and is not so connected in this case.  Any alleged damage to Defendant's reputation may well be ameliorated by Plaintiff's voluntary dismissal of this action.

### C. Existence of a Valid Basis for Seeking Dismissal.

In opposition to Plaintiff's motion for dismissal, Defendant also argues that Plaintiff "does not provide a valid basis for requesting a dismissal without prejudice."  ECF No. 35, PageID # 173.  According to Defendant, the only basis for dismissal Plaintiff provides is that he lacks the ability to file

opposition papers to Defendant's motions within the time permitted.  Id.  Defendant argues that this "excuse is not valid" for multiple reasons.  Id.  However, it is unclear how an allegedly invalid excuse for dismissal on Plaintiff's part relates to whether Defendant will suffer legal prejudice as a result of voluntary dismissal.

Defendant's only other contention in support of his argument that Plaintiff lacks a valid basis for seeking dismissal is that Plaintiff's "only reason for filing this Motion is to avoid losing on summary judgment," and that the motion for dismissal should be denied on this basis pursuant to Maxum Indemnity Insurance Company v. A-1 All American Roofing Co., 299 F. App'x 664 (9th Cir. 2008).  ECF No. 35, PageID # 173.  The court disagrees.

First, Maxum Indemnity states only that a district court "*may consider* whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." Id. at 666 (emphasis added).  The case does not require a court to deny voluntary dismissal if Plaintiff may intend, through voluntary dismissal, to avoid an adverse ruling.

Second, the circumstances present in Maxum Indemnity that warranted reliance upon a desire to avoid an adverse ruling are not present in this case.  In Maxum Indemnity, the district court had indicated prior to the motion for voluntary dismissal

5

how it intended to rule on the underlying claims.  <u>Id.</u>  In this case, the court has given no such indication.  The distinction between this case and <u>Maxum Indemnity</u> is confirmed by the case on which <u>Maxum Indemnity</u> relies, in which a magistrate judge had issued his report and recommendation on the underlying claims before a motion for voluntary dismissal was filed.  <u>See</u> <u>Terrovona v. Kincheloe</u>, 852 F.2d 424, 429 (9th Cir. 1988).  With no such circumstance present in this case, this court is not persuaded that Plaintiff's motion for dismissal must or should be denied based on a desire to avoid "a near-certain adverse ruling."

       **D.**    **Fees and Costs.**

Defendant argues that any dismissal should be conditioned upon the payment of attorneys' fees and costs.  ECF No. 35, PageID # 171.  Defendant fails, however, to even identify what his fees and costs are.  Not only is a requested dollar amount absent from Defendant's papers, Defendant attaches no billing records or summaries of fees and costs incurred.  This court has a detailed local rule setting forth the material that must accompany a motion for fees and nontaxable costs.  <u>See</u> Local Rule 54.3.  No less detail is required when fees and costs are requested in opposition to a motion to dismiss.

This court is left with no basis on which to evaluate the fees and costs requested.  <u>See</u> <u>Favoured Developments Ltd. v. Lomas</u>, No. C06-02752 MJJ, 2007 WL 3105107, at *3 (N.D. Cal. Oct.

23, 2007); Tur v. YouTube, Inc., No. CV 06-4436 FMC (AJWX), 2007 WL 4947615, at *4 (C.D. Cal. Oct. 19, 2007), aff'd, 323 F. App'x 532 (9th Cir. 2009).  The court cannot determine, for example, whether any fees and costs are attributable to work that might be useful in other litigation between the parties.  See Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993) ("[A] defendant is entitled only to recover, as a condition of dismissal under Fed.R.Civ.P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties."); see also Westlands, 100 F.3d at 97 ("Here, if the district court decides it should condition dismissal on the payment of costs and attorney[s'] fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.").

The court also notes that the "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory[.]"  Westlands, 100 F.3d at 97; see also Stevedoring Servs. of Am., 889 F.2d at 921 ("[N]o circuit court has held that payment of the defendant's costs and attorney[s'] fees is a prerequisite to an order granting voluntary dismissal.  Moreover, several courts have specifically held that such payment is not required.").

This court concludes that Defendant has not established that dismissal should be conditioned on an award of fees and costs.

**V.      CONCLUSION.**

The court grants Plaintiff's motion to dismiss without prejudice and denies Defendant's request for attorneys' fees and costs.  In light of this ruling, Defendant's pending motion to dismiss and motion for summary judgment are terminated.

The Clerk of Court is directed to enter judgment pursuant to this order and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Egan v. Singer, Civ. No. 14-00177 SOM/BMK; ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL