IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL F. EGAN III, | ) | CIVIL NO. 14-00177 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO SEAL |
| | ) | |
| vs. | ) | |
| | ) | |
| BRYAN JAY SINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO SEAL**

On August 25, 2014, Defendant Bryan Jay Singer filed a motion to seal Plaintiff Michael F. Egan III's "Motion for Continuance of 180 Days Regarding Defendant Bryan Jay Singer's Motion for Summary Judgment." ECF No. 40. Defendant argues that Plaintiff's motion, including the attached declaration, must be sealed because it contains references to settlement discussions and communications. Id., PageID # 211. Defendant requests that Plaintiff's motion be sealed in its entirety, or, in the alternative, that certain identified portions of Plaintiff's documents be redacted. Id., PageID # 212. Defendant's motion to seal is denied.

Defendant's request to seal Plaintiff's motion in its entirety is overly broad. Defendant's concern with references to settlement negotiations is only implicated by certain portions of Plaintiff's motion papers, leaving no reason for the court to seal the motion in its entirety.

Nor is the court persuaded that, alternatively, specific portions of Plaintiff's motion should be sealed. Plaintiff's statements regarding settlement relate to the conduct of his attorneys and do not disclose any communications by or to Defendant made during negotiations or the terms of any settlement offer or agreement.

Rule 408 of the Federal Rules of Evidence addresses the admissibility of evidence offered to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. The identified statements are not offered by Plaintiff for any such purpose. Not only does the purpose of the evidence fall outside of Rule 408, the type of evidence also falls outside of Rule 408. Rule 408 relates to the "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim" and to "conduct or a statement made during compromise negotiations about the claim." The matters Defendant points to are Plaintiff's complaints about internal discussions between Plaintiff and Plaintiff's attorneys, not between Plaintiff's attorneys and Defendant's attorneys. Plaintiff is not complaining about Defendant's settlement position or about Plaintiff's attorneys' report about Defendant's settlement position.

The authorities Defendant cites in support of his motion do not require sealing documents based on mere references to the existence of settlement discussions when those references do not reveal the content of those discussions. Defendant has not overcome the strong presumption in favor of access to judicial records, and this court finds no ground on which to grant Defendant's motion. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

The Clerk of Court is directed to unseal Plaintiff's motion for continuance, ECF No. 37.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Egan v. Singer, Civ. No. 14-00177 SOM/BMK; ORDER DENYING MOTION TO SEAL